**Amy GROSSE, Appellant,**

v.

**Edward JONES and Steven
Foreman, Respondent.**

**No. ED 104203**

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

Filed: June 6, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied July
27, 2017

Motion for Transfer to Supreme Court
Denied October 5, 2017

FOR APPELLANT: John J. Pawloski, 1900 Locust Street, Suite 2000, Saint Louis, Missouri 63103.

FOR RESPONDENTS: Amy Louise Blaisdell, Molly Rae Batsch, 10 South Broadway, Suite 2000, Saint Louis, Missouri 63102.

Before, James M. Dowd, P.J., Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J.

## ORDER

### PER CURIAM

Amy Grosse sued Edward Jones and her supervisor Steven Foreman (collectively "Defendants") for employment discrimination based on her age and gender and for retaliation for her whistle-blowing. The case was tried to a jury and Defendants presented evidence that Grosse was terminated based upon her job performance and tardiness. The jury found for Defendants.

Grosse appeals, asserting that the trial court erred by: (1) ruling as a matter of law that as a legal precondition to the admission of "me too" evidence of Edward Jones's discriminatory conduct toward other protected-group employees, the other victims must share the same decision-maker or same supervisors; (2) denying Grosse an opportunity to establish a formal offer of proof regarding Paula Kleier's testimony; (3) ruling as a matter of law that evidence of certain phone records and other reports that Grosse purportedly took from Edward Jones when she was terminated were inadmissible; (4) ruling as a matter of law that evidence of Grosse's husband's ankle injury and the death of her father were inadmissible; (5) allowing Defendants to produce and use documents produced late in discovery; (6) requiring her to pay the fees associated with Defendants' expert witness; (7) prohibiting any evidence of Grosse's job search besides her application to Wells Fargo; and (8) sustaining Defendants' objections to Grosse's leading questions. Finding no error of law, we affirm.

An extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).